Randy Nussbaum (SBN 006417)
Randy.Nussbaum@SacksTierney.com
Philip R. Rudd (SBN 014026)
Philip.Rudd@SacksTierney.com
Sierra M. Minder (SBN 035795)
Sierra.Minder@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Facsimile: 480.970.4610
*Attorneys for Debtors*

**SACKS TIERNEY** P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

### IN THE UNITED STATES BANKRUPTCY COURT

### THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PEAKS FITNESS, LLC,<br><br>PEAKS HOLDINGS, LLC,<br><br>          Debtors.<br>  | Chapter 11 Proceedings<br><br>Case No. 2:21-bk-01971-DPC<br><br>Joint Administration With<br>Case No. 2:21-bk-01972-DPC<br><br>**JOINT PLAN OF REORGANIZATION<br>DATED JUNE 17, 2021** |
| THIS FILING APPLIES TO:<br>  <u> X </u>  Both Debtors<br>  **____** Peaks Fitness, LLC<br>  **____** Peaks Holdings, LLC | |

Peaks Fitness, LLC ("Fitness") and Peaks Holdings, LLC ("Holdings") (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned bankruptcy cases, hereby submit to the Court and creditors of the Debtors' Estates this *Joint Plan of Reorganization Dated June 17, 2021* (the "Plan") pursuant to 11 U.S.C. § 1189.

### I.     DEFINITIONS AND RULES OF CONSTRUCTION

For purposes of this Plan, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in this Section I of the Plan. Any term used

in the Plan that is not defined in the Plan, but is defined in the Bankruptcy Code or the Bankruptcy Rules, retains the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules. Unless otherwise indicated, references to Code sections herein shall be to the Bankruptcy Code. Whenever the context requires, such terms include the plural as well as the singular, the masculine gender includes the feminine gender, and the feminine gender includes the masculine gender.

As used in this Plan, the following terms have the meanings specified below:

**Allowed Administrative Claim**: Every cost or expense of administration in the Bankruptcy Case, including, but not limited to, any actual and necessary expenses of preserving or disposing of the assets of the Estate, any actual and necessary expenses incurred in operating the Debtors' business postpetition, any professional fees and costs approved by the Court, and all Claims approved under § 507(a)(2).

**Allowed Claim:** A Claim:

1. With respect to which a proof of claim has been filed with the Court within the applicable period of time fixed by Bankruptcy Rule 3003 and to which no objection to the allowance of the Claim has been filed by the Debtors or any other party or as to which any such objection has been determined by an order or judgment of the Court which is no longer subject to appeal and to which no appeal is pending; or

2. Scheduled in the lists of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent, or unliquidated as to the amount.

An Allowed Claim shall not include unmatured or postpetition interest, penalties, fees, or costs, unless specifically stated in the Plan. Notwithstanding § 502(a) and Bankruptcy Rules 3001 and 3003, for the purposes of the Plan, a Claim shall not be an Allowed Claim unless it satisfies the definition of Allowed Claim under this Plan.

**Allowed Interest**: An Interest in the Debtors held by a person or entity as of the Petition Date, and to which no objection to the allowance of the Interest has been filed by the Debtors or any other party, or as to which any such objection has been determined by

an order or judgment of the Court which is no longer subject to appeal and to which no appeal is pending.

**Allowed Priority Claim**: The Allowed Claim of a Creditor that is entitled to priority in payment under §§ 507(a)(3) through (a)(10).

**Allowed Secured Claim**: An Allowed Claim to the extent that such Allowed Claim is secured by a valid, properly perfected, and enforceable lien that is unavoidable, on property in which the Estate has an interest, to the extent of the value of such Creditor's interest in the Estate's interest in such property, as determined in light of the purpose of the valuation and of the proposed disposition and use of such property.

**Allowed Unsecured Claim**: An Allowed Claim to the extent that such Allowed Claim is not secured by a valid, properly perfected, and enforceable lien on property in which the Estate has an interest.

**Bankruptcy Cases**: The Debtors' jointly-administered Chapter 11 bankruptcy cases: Case Nos. 2:21-bk-01971-DPC and 2:21-bk-01972-PS, jointly administered before Judge Collins under Case Nos. 2:21-bk-01971-DPC.

**Bankruptcy Code**: 11 U.S.C. §§ 101, *et seq.*, including, and as amended by, the Small Business Reorganization Act of 2019, 11 U.S.C. §§ 1181, *et. seq.*, applicable to these Bankruptcy Cases.

**Bankruptcy Court**: The United States Bankruptcy Court for the District of Arizona.

**Bankruptcy Rules**: The Federal Rules of Bankruptcy Procedure in effect as of the Petition Date.

**Capital Fund**: Capital Fund II, LLC, as successor-in-interest to Capital Fund I, LLC (as successor-in-interest to Comerica Bank), an asserted secured creditor of the Debtors.

**Capital Fund Collateral**: The Real Property, the Holdings Personal Property, and the Fitness Personal Property (including Fitness accounts receivable).

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

**Capital Fund Deed of Trust**: That certain *Deed of Trust, Assignment of Leases and Rents and Security Agreement* by Holdings in favor of Capital Fund relating to the Real Property dated June 22, 2006, and recorded on June 30, 2006 at Recorder's No. 2006-0887741, records of Maricopa County, Arizona, as thereafter modified and amended from time to time.

**Chapter 11**: Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq*.

**Claim**: (a) A right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, which right arose or accrued prior to the Confirmation Date; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, disputed, undisputed, secured, or unsecured, where such right arose or accrued prior to Confirmation; or (c) a claim arising under § 502(g).

**Claimant or Creditor**: Any person or entity that asserts a Claim.

**Confirmation**: The signing by the Court of the Confirmation Order.

**Confirmation Date**: The date upon which the Confirmation Order is entered upon the Bankruptcy Court's docket.

**Confirmation Order**: The Order signed by the Bankruptcy Court pursuant to § 1191 confirming this Plan.

**Contingent Claim**: Any Claim for which a proof of claim has been filed with the Bankruptcy Court: (a) that was not filed in a sum certain, or that has not accrued and is dependent on a future event that has not occurred and may never occur, and (b) that has not been allowed on or before the Confirmation Date.

**Court**: The Bankruptcy Court.

**Debtors**: Peaks Fitness, LLC and Peaks Holdings, LLC formerly Peaks Holding Company, LLC.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

**Disposable Income**: The amount of income that is received by the Reorganized Debtor and that (a) remains after payments made on account of Allowed Administrative Claims, Allowed Priority Claims and Allowed Secured Claim, as provided in the Plan and (b) is not reasonably necessary to be expended for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the Reorganized Debtor, and is therefore available for the payment of Allowed Unsecured Claims under the Plan, as reflected in the Projections attached hereto as Exhibit "A," as may be amended.

**Disputed Claim**: A Claim that the Debtors listed as unliquidated, disputed, or contingent in their Schedules of Assets and Liabilities, or to which an objection has been filed that has not been resolved by a Final Order of the Bankruptcy Court.

**Effective Date**: The first business day that is at least 30 days after the Confirmation Date. In the event the Confirmation Order has been stayed by a court of competent jurisdiction, the Debtors may elect to delay the Effective Date pending a resolution of the order staying the Confirmation Order.

**Estate**: The accumulation of each of the Debtors' bankruptcy estates, created by the filing of the Petitions, as identified and described in §§ 541 and 1186.

**Final Order**: An order or judgment of the Bankruptcy Court that has not been stayed.

**Fitness**: Peaks Fitness, LLC, one of the Debtors in these Bankruptcy Cases.

**Fitness Personal Property:** Any and all tangible and intangible personal property owned by Fitness as of the Petition Date.

**Gym**: The gym owned and operated by Fitness and located at the Real Property.

**Holdings**: Peaks Holdings, LLC, one of the Debtors in these Bankruptcy Cases.

**Holdings Personal Property**: Any and all tangible and intangible personal property owned by Holdings as of the Petition Date.

**Insider**: A person or entity within the definition contained at § 101(31).

**Interest**: Any equity interest in each of the Debtors as of the Petition Date.

**Interest Holder**:  Any person or persons owning an Interest in each of the Debtors as of the Petition Date.

**New Debt Obligations**:  Those debts of the Debtors that existed pre-confirmation, but that are modified by the confirmed Plan resulting in the creation of a new obligation of the Reorganized Debtors pursuant to this Plan.  The obligations for which the Reorganized Debtors have liability under the terms of the confirmed Plan.  The New Debt Obligations shall not be considered in default unless the Reorganized Debtor defaults on such obligations after the Effective Date.

**Person**:  Any individual, corporation, partnership, joint venture, association, joint stock company, trust, unincorporated association or organization, governmental agency, or associated political subdivision.

**Petitions**:  The voluntary bankruptcy petitions for relief filed by the Debtors under Chapter 11 of the Bankruptcy Code, which commenced the Bankruptcy Cases.

**Petition Date**:  The date on which the Petitions were filed:  Mach 19, 2021.

**Plan**:  This Joint Plan of Reorganization and any amendments or supplements hereto, including any stipulations between the Debtors and any Creditors in aid of confirmation of the Plan.

**Projections:**  The financial projections for the Reorganized Debtor, attached hereto as Exhibit "A," as they may be amended from time to time.

**Pro Rata**:  The ratio of an Allowed Claim or Allowed Interest in a particular Class to the aggregate amount of all Allowed Claims or Allowed Interests in that Class.

**Real Property:** That certain approximately 1.62-acre parcel of real property and the improvements thereon consisting of a 16,237 square foot fitness center owned by Holdings and located generally at 12545 North Saguaro Blvd. Fountain Hills, Arizona, 85268 at which Fitness operates the Gym.

**Reorganized Debtor**:  The substantively consolidated Debtors after the Effective Date.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

**SBA**:  The United States Small Business Administration, acting through its properly designated representatives and agents, as successor-in-interest to Business Development Finance Corporation.

**Schedules** or **Schedules of Assets and Liabilities**:  The Schedules of Assets and Liabilities and Statements of Financial Affairs, and any amendments thereto, filed by the Debtors in their Bankruptcy Cases.

**SBA Deed of Trust**:  That certain *Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Financing Statement*, by Holdings in favor of the SBA relating to the Real Property, dated June 6, 2006, which was recorded on June 20, 2006 in the Official Records of Maricopa County, Arizona at Document No.2006-0887743.

**Trustee**: The Subchapter V Trustee appointed in the Bankruptcy Cases: Ms. Jody Corrales.

**Unliquidated**:  The term describing the Allowed Claim of a Creditor when the value of its claim has not been determined or stated with finality.

## II.    INTRODUCTION

This Plan is being proposed by the Debtors to reorganize their liabilities, so as permit continued operations from which Creditors and Interest Holders can be paid, and avoid the disastrous effects of a liquidation of the Debtors' assets and the cessation of the Debtors' business operations. Unless otherwise noted, those portions of the Plan providing factual information concerning the Debtors, their assets, and their liabilities, have been prepared from information maintained or prepared by the Debtors and their retained professionals. The financial information contained in this Plan has not been subjected to an audit by an independent auditor or certified public accountant.  The Debtors are not able to warrant or represent that the information contained in this Plan is without any inaccuracies. To the extent practicable, though, the information provided herein has been prepared from the Debtors' financial books and records and efforts have been made to ensure that all such information is fairly represented.

This Plan will classify all Creditors and Interest Holders into classes.  The treatment

of each class of Creditors or Interest Holders will be set forth in the Plan. You should carefully examine the treatment of the class to which your Claim or Interest is assigned.

The Bankruptcy Court will confirm the Plan if the requirements of Bankruptcy Code are satisfied. The Bankruptcy Court will determine whether the Plan has been accepted by each impaired class entitled to vote on the Plan. Impaired classes entitled to vote on the Plan are those classes of claims whose legal, equitable, or contractual rights are altered, as provided in § 1124. An impaired class of Claims is deemed to have accepted the Plan if Claimants holding at least two thirds (2/3) of the dollar amount of those Claims who vote, and more than one half (1/2) in number of those Claims who vote, have accepted the Plan. An impaired class of Interests is deemed to have accepted the Plan if the Plan has been accepted by at least two thirds (2/3) in amount of the Allowed Interests who vote on the Plan. Only the votes of those Creditors or Interest Holders whose ballots are timely received will be counted in determining whether a class has accepted the Plan. Even if each class of Creditors and Interest Holders does not accept the Plan, the Plan can be confirmed under § 1191(b).

## III.  HISTORY OF THE DEBTORS' BUSINESS OPERATIONS

### A.  <u>The nature and status of the Debtors' operations</u>.

Holdings owns the Real Property and Fitness operates the Gym at the Real Property. Although there is a written lease between Holdings and Fitness relating to Fitness' use of the Real Property to operate the Gym, the Lease has not been enforced and, as of the Petition Date, Fitness had not made rent payments to Holdings under the Lease for some time. In fact, prior to the Petition Date, the Debtors operated their respective businesses as one business and commingled funds, paid each other's obligations and generally did not maintain separate corporate formalities with respect to each other. Consequently, this Plan provides for the substantive consolidation of the Debtors into one post-confirmation Reorganized Debtor.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

According to an appraisal prepared for Holdings by RP Valuation Group, LLC (the "Real Property Appraisal"), the value of the Real Property, as of December 22, 2020, is $1,465,000.

The Debtors are owned and operated by Ross Suozzi ("Ross") and Corinna Suozzi ("Corinna") (collectively, the "Suozzis"). The Suozzis are former body builders and cancer survivors who wanted to make a difference in people's lives by operating a local, affordable, family owned and operated Gym in Fountain Hills. The Suozzis began construction of the Gym in 2006 with proceeds of loans from Capital Fund's and the SBA's respective predecessors. Construction delays and zoning issues resulted in the Gym not opening until July 2008. Since then, the Gym has weathered economic downturns, the Suozzis' health challenges, and government required closures due to COVID-19. Through it all, the Suozzis were able to work with their lenders and negotiate loan forbearance and extension agreements. However, the closures due to COVID caused such financial challenges for the Debtors that they were forced to seek protection under the Bankruptcy Code.

Fitness currently has 13 employees, plus 10 independent contractors (trainers) that use the Gym for their clients. Holdings does not have any employees. The Debtors lease approximately 1,000 square feet of space, for $3,530 per month, to 360 PT Management, LLC who uses the space to provide physical therapy to its clients (the "360 Lease"). Fitness currently has 2,256 Gym members but, due to the Debtors' new marketing efforts and the removal of the COVID-related restrictions, membership has begun to improve significantly in 2021.

Capital Fund asserts a first position lien on the Capital Fund Collateral (which includes the Real Property, the Holdings Personal Property, and the Fitness Personal Property) pursuant to a loan by Comerica Bank to Holdings that was acquired by Capital Fund (the "Capital Fund Loan"). Capital Fund asserts that the amount due under the Capital Fund Loan as of the Petition Date is $996,086. Capital Fund asserts that the Fitness has

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

3049267.v2

guaranteed the Capital Fund Loan. Capital Fund also asserts that the Capital Fund Loan is, or was, secured by a lien on the Corinna's residence.

In addition to the Capital Fund Loan, the SBA asserts a second position lien on the Real Property pursuant to the SBA Deed of Trust to secure a loan to Holdings by the SBA's predecessor-in-interest (the "SBA Loan"). The SBA asserts that the amount due under the SBA Loan as of the Petition Date was $2,165,957.60. The SBA asserts that Fitness guaranteed the SBA Loan. The SBA does not hold any security interests encumbering any property owned by Fitness.

The Debtors asserts that the SBA may be precluded and barred from pursuing or collecting on the SBA Loan due to the operation of the statute of limitations relating to the SBA Loan. Specifically, the Debtors believe that the SBA accelerated the SBA Loan in or before 2012 and failed to take any action to collect the SBA Loan until it filed its untimely proofs of claim in these cases on June 4, 2021. The Debtors assert that, because the SBA Loan is unenforceable, the SBA's asserted lien allegedly encumbering the Real Property should be disallowed and expunged. The Debtors are currently weighing their options to determined whether to file a complaint to disallow the SBA's asserted claim and to expunge the SBA's asserted lien on the Real Property.

The Real Property is also encumbered by pre-petition real property taxes owing to the Maricopa County Treasurer for the second half of 2020 in the estimated amount of $18,226.57 (the "Real Property Taxes").

Key Fitness Equipment Finance ("Key Finance") and Fitness were parties to a financing "lease" with respect to certain exercise equipment and Key Finance filed a UCC-1 Financing Statement with the Arizona Secretary of State (the "Key Finance UCC-1"). Prior to the Petition Date, Fitness paid the amounts due to Key Finance, in full. However, Key Finance has not terminated the Key Finance UCC-1. The Debtors assert that no amounts are due or owing to Key Finance and that Key Finance does not hold a valid lien against any of the Debtors' property.

The Suozzis each own 50% of each of the Debtors.

Capital Fund has asserted that both Debtors are in default under the Capital Fund Loan. Prior to the Petition Date, Capital Fund made demand for payment of the Capital Fund Loan. The Debtors did not have sufficient resources to pay the Capital Fund Loan and chose to seek bankruptcy protection to avoid any threat of collection against the Debtors by Capital Fund. The Debtors' cases have been jointly administered before Judge Collins under the above caption.

**B.** **Projections for Future Operations**

With consideration of all of the foregoing, among other things, the Debtors, with the assistance of their financial advisor, Ted Burr, have prepared financial Projections extending through August 2024 to demonstrate their ability to perform under the Plan. The Projections are attached hereto as Exhibit "A" and incorporated fully herein by this reference. The Projections are based upon the Debtors' best current estimates of the future revenues to be generated through their operations, and the expenses the Debtors presently expect to incur. The Debtors reserve the right to amend or revise the Projections in the future.

The Debtors currently anticipate that the Effective Date of the Plan will be on or about August 30, 2021 and estimate that the Plan's completion date will by August 30, 2024, the third anniversary of the anticipated Effective Date.

**IV.** **CLASSIFICATION OF CLAIMS AND INTERESTS**

    **A.** **Class 1: Administrative and Priority Claims**

        **1.** Class 1-A: Allowed Administrative Claims.

        **2.** Class 1-B: Allowed Priority Tax Claims.

    **B.** **Class 2: Holdings Secured Claims**

        **1.** Class 2-A: Allowed Secured Claim of Capital Fund against Holdings.

        **2.** Class 2-B: Allowed Secured Claim of SBA against Holdings.

        **3.** Class 2-C: Allowed Secured Claim of the Maricopa County Treasurer against Holdings.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

C. **Class 3: Fitness Secured Claims**

    1. Class 3-A: Allowed Secured Claims of Capital Fund against Fitness.

    2. Class 3-B: Allowed Secured Claim of Key Finance.

D. **Class 4: Unsecured Claims**

    1. Class 4-A: Allowed Unsecured Claims against both Debtors.

E. **Class 5: Equity Interests**

    1. Class 5-A: Allowed Interests in Holdings.

    2. Class 5-B: Allowed Interests in Fitness.

## V. IMPAIRMENT OF CLASSES

Classes 1-A and 1-B are unimpaired under the Plan. All other Classes are impaired, as that term is defined in § 1124.

## VI. TREATMENT OF CLASSES

A. **Class 1: Priority Claims**

    1. **Class 1-A: Allowed Administrative Claims**

Class 1-A consists of Allowed Priority Claims under §§ 503 and 507(a)(2). Class 1-A includes Claims for compensation of a professional person (including attorneys), authorized fees payable to the Trustee, court fees, expenses of administration, post-petition operating expenses due and unpaid at the time of Confirmation, and actual and necessary costs of preserving the estate.

This Class is not impaired. Any Allowed Administrative Claims incurred in the ordinary course of the Debtors' operations will be paid in accordance with the terms established by the Debtors and the implicated Claimant.

Unless other Claimants holding Claims in this Class agree to an alternative form of treatment, the Allowed Administrative Claims of Class 1-A shall be paid in full, in cash, on the Effective Date from the Reorganized Debtor's cash on hand. To the extent that any Allowed Administrative Claim is not paid in full on the Effective Date, the Reorganized Debtor may use post-confirmation income to pay any unpaid Allowed Administrative Claims. Any Class 1-A Administrative Claim not allowed as of the Effective Date shall be

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

paid in full as provided herein, but shall only receive payments from the Reorganized Debtor upon the allowance of the Administrative Claim by the Court; until such time as a disputed Administrative Claim is allowed, the Reorganized Debtor shall hold and sequester such Claimant's pro rata share of the payments to Allowed Administrative Claimants.

### 2. Class 1-B: Allowed Priority Tax Claims

This class consists of Allowed Priority Claims under § 507(a)(8), if any. As provided in § 1129(a)(9)(C), unless they agree to an alternative form of treatment, Claimants holding Claims in this Class will be paid, in full, from the Reorganized Debtor's post-confirmation income in equal quarterly installments, commencing 30 days after the Effective Date, with interest accruing at the otherwise applicable statutory rate. Any amount that remains owing to the holder of an Allowed Priority Claim in this Class, on account of such Allowed Priority Claim, shall be paid on the third anniversary of the Petition Date. Any Class 1-B Claims not allowed as of the Effective Date shall be paid, according to the terms of this Class, as soon thereafter as they are allowed by the Court. This Class is not impaired.

### B. Class 2: Holdings Secured Claims

#### 1. Class 2-A – Allowed Secured Claim of Capital Fund against Holdings

This Class consists of the Allowed Secured Claim of Capital Fund against Holdings. Capital Fund asserts that the amount of its Claim against both Holdings and Fitness is $996,086 as of the Petition Date ("Capital Fund Claim"), and that the Capital Fund Claim is secured by a first-position lien encumbering the Capital Fund Collateral.

Pursuant to § 506(a), the amount of Capital Fund's Allowed Secured Claim against both Debtors is limited to the value of the Capital Fund Collateral. The Debtors estimate that the value of the Capital Fund Collateral exceeds the asserted amount of the Capital Fund Claim. The Debtor reserves the right to challenge the asserted amount of the Capital Fund Claim, including the inclusion of default interest and/or any other amounts included in Capital Fund's calculation of the Capital Fund Claim. The Court shall ultimately determine

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

the allowed amount of Capital Fund's Allowed Secured Claim against the Debtors (the "Capital Fund Allowed Secured Claim").

The Reorganized Debtor will pay the Capital Fund Allowed Secured Claim, in full, with interest accruing at the flat and constant rate of 4.25% per annum, on the following schedule:

A.     Commencing on the 30th business day following the Effective Date until the earlier to occur of (i) the payment of the Capital Fund Allowed Secured Claim in full or (ii) the tenth anniversary of the Effective Date:  Equal monthly payments of interest and principal, based upon a thirty year amortization, with interest at 4.25% per annum.

B.     On the tenth anniversary of the Effective Date:  Any amount that remains owing to Capital Fund on account of the Capital Fund Allowed Secured Claim.

Capital Fund will retain its lien on the Capital Fund Collateral until such time as the Capital Fund Allowed Secured Claim is paid in full.

The Reorganized Debtor may pay all, or any portion, of the balance of the Capital Fund Allowed Secured Claim at any time without penalty.

Immediately upon payment in full of the Capital Fund Allowed Secured Claim, all of Capital Fund's liens and security interests in the Capital Fund Collateral (or in any and all other property or assets owned by the Debtors or the Reorganized Debtor) will be deemed satisfied, extinguished, released, and discharged in full.

This Class is impaired.

**2.     Class 2-B – Allowed Secured Claim of the SBA Against Holdings**

Class 2-B consists of the Allowed Secured Claim of the SBA against Holdings, if any. In the event the Debtor decides to file a complaint seeking to disallow the SBA's asserted Claim against the Debtors, and to expunge the SBA's asserted lien against the Real Property (the "SBA Adversary Proceeding"), then the allowance of the SBA's asserted Secured Claim against Holdings, if any, will be determined by the Court in the SBA Adversary Proceeding. If the Court finds that the SBA has no claim against the Debtors and has no lien encumbering the Real Property, then this Class will be deemed

unnecessary, will be disregarded for all purposes relating to Plan confirmation, and will be extinguished by the Confirmation Order.

In the event that either (a) the Debtor does not pursue the SBA Adversary Proceeding against the SBA or (b) the Court finds, in the SBA Adversary Proceeding, that the SBA's asserted Claim, and its asserted lien against the Real Property, are allowed, then the Debtor shall treat the SBA's asserted Claim as follows:

Pursuant to § 506(a), the amount of the SBA's entire Allowed Secured Claim against both Debtors will be limited to the value of the Real Property constituting the SBA's asserted collateral, after deducting the amount of the Capital Fund Allowed Secured Claim and the Maricopa County Allowed Secured Claim (the "SBA Allowed Secured Claim"). Based upon the value of the Real Property and the asserted amounts of the Capital Fund Allowed Secured Claim and the Maricopa County Allowed Secured Claim, the Debtor's estimate that the amount of the SBA Allowed Secured Claim, if any, will be approximately $451,168. To be clear, the Debtors believe that the SBA may have no Allowed Claim against the Debtors or their estates and no lien on the Real Property. In no event, shall the SBA's Allowed Secured Claim exceed the value of the Real Property, after deducting the amount of the Capital Fund Allowed Secured Claim and the Maricopa County Allowed Secured Claim.

The Reorganized Debtor will pay the SBA Allowed Secured Claim, in full, with interest accruing at the flat and constant rate of 4.25% per annum, on the following schedule:

A.    Commencing on the 30th business day following the Effective Date until the earlier to occur of (i) the payment of the SBA Allowed Secured Claim in full or (ii) the fifteenth anniversary of the Effective Date:  Equal monthly payments of interest and principal, based upon a thirty year amortization, with interest at 4.25% per annum.

B.    On the fifteenth anniversary of the Effective Date:  Any amount that remains owing to the SBA on account of the SBA Allowed Secured Claim.

Until such time as the SBA Allowed Secured Claim is determined and allowed, the

3049267.v2

Debtor will not pay, but will sequester, any amounts otherwise payable to the SBA pursuant to the foregoing schedule, and such sequestered amounts will be paid over to the SBA upon the allowance, if any, of the SBA Allowed Secured Claim.

To the extent that the SBA's lien in the Real Property is allowed, the SBA shall retain such lien until such time as the SBA Allowed Secured Claim is paid in full.

The Reorganized Debtor may pay all, or any portion, of the balance of the SBA Allowed Secured Claim at any time without penalty.

Immediately upon payment in full of the SBA Allowed Secured Claim, all of the SBA's liens and security interests in the Real Property (or in any and all other property or assets owned by the Debtors or the Reorganized Debtor) will be deemed satisfied, extinguished, released, and discharged in full.

Any amount by which the SBA's Allowed Claim exceeds the amount of the SBA Allowed Secured Claim will constitute an Allowed Unsecured Claim and will be treated as part of Class 4-A.

This Class is impaired.

3. **Class 2-C – Allowed Secured Claim of Maricopa County Treasurer Holdings**

This Class consists of the Allowed Secured Claim of the Maricopa County Treasurer ("MCT") against Holdings secured by the Real Property. The Reorganized Debtor will repay the entire amount of MCT's Allowed Secured Claim against Holdings, with interest at the statutory rate provided by law, from the Reorganized Debtors' post-confirmation income in equal quarterly installments over 36 months beginning 30 days after the Effective Date. MCT shall retain any and all liens securing the MCT's Claims until such time as the MCT's Allowed Secured Claim is paid in full. The MCT Allowed Secured Claim shall accrue post-petition interest at the statutory rate. Immediately upon payment in full of the MCT's Allowed Secured Claim, all of the MCT's liens and security interests in the Real Property (or in any and all other property or assets owned by the Debtors or the Reorganized Debtor) will be deemed satisfied, extinguished, released, and discharged in full.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

This Class is impaired.

## C.   Class 3:  Fitness Secured Claims

### 1.   Class 3-A – Allowed Secured Claim of Capital Fund against Fitness

This Class consists of the Allowed Secured Claim of Capital Fund against Fitness pursuant to Fitness' guaranty of the Capital Fund Claim and Fitness' grant of a security interest in the Fitness Personal Property to Capital Fund.

Pursuant to § 506(a), the amount of Capital Fund's entire Allowed Secured Claim against both Debtors, is limited to the value of the Capital Fund Collateral—*i.e.*, Capital Fund's Combined Allowed Secured Claim. As discussed above, the Debtors assert that the value of the Capital Fund Collateral exceeds the amount of Capital Fund's Allowed Secured Claim.

Capital Fund's Combined Allowed Secured Claim will be treated as set forth in Class 2-A, above.

This Class is impaired.

### 2.   Class 3-B – Allowed Secured Claim of Key Finance

Class 3-B consists of the Allowed Secured Claim of Key Finance against Fitness, if any.  In its Schedules, Fitness has listed the amount of Key Finance's Claim as "unknown" as of the Petition Date. Key Finance has not filed a proof of claim against Fitness. Prior to the Petition Date, Key Finance provided equipment financing to Fitness pursuant to a financing "lease" and Key Finance filed a UCC-1 Financing Statement filed by with respect to this arrangement. Fitness has paid all amounts due to Key Finance in full. Upon information and belief, as of the Petition Date, there were no amounts owing to Key Finance under this arrangement and Key Finance has no lien on any of the Debtors' assets.

Consequently, upon information and belief, Key Finance has no Allowed Claims, let alone an Allowed Secured Claim, against the Debtors.

This Class is included herein only to provide disclosure regarding Fitness' prior relationship with Key Finance and the status of Key Finance's recorded UCC-1 financing

statement with respect to Fitness, and to promote transparency. To be clear, Key Fitness will not receive any distribution from the Debtors under the Plan and the Key Fitness UCC-1 shall be deemed terminated upon confirmation of the Plan.

For the reasons set forth above, the Debtors assert that this Class 3-B is an empty Class and a nullity. Unless the Court subsequently finds that Key Finance holds an Allowed Claim against Fitness, and that some portion of Key Finance's Allowed Claim against Fitness is secured by any of the Debtors' property, this Class shall be disregarded for all purposes relating to Plan confirmation and extinguished by the Confirmation Order.

This Class is impaired.

**D.** **Class 4: Allowed Unsecured Claims**

**1.** **Class 4-A – Allowed Unsecured Claims**

Class 4-A consists of all Allowed Unsecured Claims against both of the Debtors, including (i) any unsecured deficiency Claims by holders of Allowed Secured Claims, (ii) the SBA's Allowed Claim against Fitness, if any, (iii) Allowed Claims resulting from the rejection of executory contracts, and (iv) any other Allowed Claim not included in any other Class in the Plan. After accounting for the payments due to the holders of all other Allowed Claims, in accordance with the terms of this Plan, the Reorganized Debtor will devote the remainder of its Disposable Income, as established in the Projections, to the payment of Allowed Unsecured Claims against it and included within this Class 4-A, for a period of three years, commencing on the 30th day following the Effective Date.

Distributions on account of Allowed Claims in this Class 4-A will be made quarterly, and on a *pro rata* basis among all Allowed Unsecured Claims. Upon the third anniversary of the Effective Date, irrespective of the amount any holder of a Claim within this Class 4-A has received on account of such Claim, the unpaid balance of all of the Claims within this Class 4-A will be deemed extinguished, released, and discharged in full.

The Reorganized Debtor, at any time, may pay to holders of Claims in Class 4-A, the total amount of the remaining projected Disposable Income over the life of the Plan, as set forth in the Projections, to which each Claimant is entitled under the Plan, in full

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

3049267.v2

satisfaction of the Reorganized Debtor's obligations under Class 4-A of the Plan. Upon such payment to Allowed Claims in Class 4-A of the Plan, the Reorganized Debtors will not be obligated to make any additional payments to Allowed Claims in Class 4-A of the Plan and the Debtor may be discharged from any obligations to holders of Allowed Claims in Class 4-A of the Plan, pursuant to §§ 1141 and 1192 of the Bankruptcy Code.

This Class is impaired.

### E. Class 5: Equity Interests

#### 1. Class 5-A – Allowed Interests in Holdings

Class 5-A consists of the Allowed Interests in Holdings. The Suozzis each own 50% membership interests in Holdings. Ross currently manages Holdings. Upon Confirmation of the Plan, Holdings and Fitness will be substantively consolidated and the membership interests of the Reorganized Debtor shall vest 50% in Ross and 50% in Corinna. Ross shall continue to have management control over the Reorganized Debtor and Corinna will continue to be employed by the Reorganized Debtor. The Suozzis will each continue to be compensated by the Reorganized Debtor in an amount to be determined by Ross and Corinna in consideration of the Reorganized Debtor's financial abilities and performance.

The holders of equity interests in the Reorganized Debtor will not receive any payment, on account of such equity interests, until after the third anniversary of the Effective Date.

#### 2. Class 5-B – Allowed Interests in Fitness

Class 5-B consists of the Allowed Interests in Fitness. The Suozzis each own 50% membership interests in Fitness. Ross currently manages Fitness. Upon Confirmation of the Plan, Holdings and Fitness will be substantively consolidated and the membership interests of the Reorganized Debtor shall vest 50% in Ross and 50% in Corinna. Ross shall continue to have management control over the Reorganized Debtor and Corinna will continue to be employed by the Reorganized Debtor. The Suozzis will each continue to be compensated by the Reorganized Debtor in an amount to be determined by Ross and Corinna in consideration of the Reorganized Debtor's financial abilities and performance.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

3049267.v2

The holders of equity interests in the Reorganized Debtor will not receive any payment, on account of such equity interests, until after the third anniversary of the Effective Date.

This Class is impaired.

## VII. MEANS FOR EXECUTING THE PLAN

### A. <u>Substantive Consolidation</u>

Upon Confirmation, the Debtors will be deemed to be substantively consolidated with each other and they shall be jointly operated as the Reorganized Debtor under the name "Peaks Fitness, LLC."

Specifically: (a) the Debtors shall be merged into one entity, the Reorganized Debtor; (b) all assets of the Debtors shall be deemed to be owned and operated by the Reorganized Debtor; (c) all liabilities, including the New Obligations, of the Debtors shall be deemed to be liabilities of the Reorganized Debtors; (d) all guarantees by, or co-obligations of, one of the Debtors in respect of the obligations of the other Debtor shall be deemed eliminated so that any Claim against either of the Debtors and any guarantee by, or co-obligation of, either of the Debtors and any joint or several liability of either of the Debtors, shall be deemed to be one obligation of the consolidated Reorganized Debtor; and (e) each and every Claim filed or to be filed in the Bankruptcy Cases of either of the Debtors shall be deemed filed against the consolidated Reorganized Debtor and shall be deemed to be one Claim against and a single obligation of the consolidated Reorganized Debtor (collectively, the "Substantive Consolidation").

Following the Effective Date, the Reorganized Debtor shall, and shall be entitled to, take any actions as may be necessary or advisable to effectuate the Substantive Consolidation to the extent provided herein. The actions to implement and to effectuate the Substantive Consolidation may include:

(a) the execution and delivery of appropriate agreements or other documents of merger, amalgamation, consolidation, restructuring, conversion, disposition, transfer, arrangement, continuance, dissolution, sale, purchase, or

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

3049267.v2

liquidation containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable law, including the formation of the entity or entities that will comprise the Reorganized Debtor;

(b)     the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan;

(c)     the filing of appropriate certificates or articles of incorporation, formation, reincorporation, merger, consolidation, conversion, amalgamation, arrangement, continuance, dissolution, or other organizational documents pursuant to applicable Arizona state law;

(d)     the execution and delivery of new organizational documents consistent with the Plan;

(e)     the execution and delivery of any amended, revised or new lien or loan documents consistent with the terms of the Plan;

(f)     all other actions that the Reorganized Debtor determines to be necessary, appropriate or advisable, including making filings or recordings that may be required by law in connection with the Plan.

The Confirmation Order shall and shall be deemed to, pursuant to sections 1123 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, authorize, among other things, all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan, including the Substantive Consolidation.

**B.     Funding or Sale**

The Plan will be funded through the Reorganized Debtor's continued operations of Fitness' business. The Reorganized Debtor shall also have the ability, at any time, to enter into any sale, merger, or other transaction, so long as, upon the closing of any such transaction, the Secured Claims relating to any assets to be transferred are either paid in full or the Secured Creditor consents to such sale or transfer of its collateral. Any excess

3049267.v2

proceeds from the sale or transfer of such property prior to the expiration of this Plan on the third anniversary of the Effective Date shall be considered in the calculation of, and shall be considered to be, Disposable Income for purposes of distributions to holders of Allowed Unsecured Claims under Class 4-A of the Plan.

### C. Post Confirmation Management

Ross will be responsible for the management of the Reorganized Debtor after the Effective Date. Ross and Corinna will continue to be compensated by the Reorganized Debtor in an amount to be determined by Ross and Corinna in consideration of the Reorganized Debtor's financial abilities and performance.

### D. Disbursing Agent

The Reorganized Debtor will serve as its own Disbursing Agent and will make distributions to holders of Allowed Claims in accordance with the Plan.

### E. Documentation of Plan Implementation

In the event any holder of an Allowed Secured Claim or any other lien or security interest in any of the Debtors' assets for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, or if any Allowed Interest Holder refuses to execute any documentation necessary to consummate the substantive consolidation of the Debtors called for under the Plan, the Reorganized Debtors may record or file a copy of this Plan or the Confirmation Order with the appropriate governmental agency and make the appropriate revisions in its records, and such recordation and revisions shall constitute the lien release and creation of any necessary new liens to satisfy the terms of the Plan, and the creation or transfer of any equity Interest. If the Reorganized Debtor deems advisable, it may also obtain a further Order from the Court that may be recorded in order to implement the terms of the Plan.

### F. New Obligations

Any Allowed Claims which are otherwise impaired herein, and which are paid in deferred payments, shall be a New Obligation of the Reorganized Debtor under the terms

described herein and completely replace any pre-confirmation obligations of the Debtors.

## VIII. LIQUIDATION ANALYSIS

If the Plan is not confirmed, and the Debtors' assets were liquidated under Chapter 7 of the Bankruptcy Code instead, it is unlikely that unsecured creditors would receive any distribution. The Debtors' assets consist, primarily, of the Real Property, the Holdings Personal Property and the Fitness Personal Property, all of which are encumbered by Capital Fund's Allowed Secured Claim. The Real Property is also encumbered by the MCT Allowed Secured Claim and, to the extent that it is allowed, the SBA Allowed Secured Claim. All of the Debtors' assets are, thus, subject to one, or more, asserted security interests, including the blanket, cross-collateralized lien asserted by Capital Fund, the combined amount of which exceeds the value of all of the Debtors' assets combined. In the event of a cessation of the Debtors' business operations, and a subsequent liquidation of the Debtors' assets, all of the Debtors' property would almost certainly be surrendered to the Debtors' secured creditors or, in the event of a liquidation sale, only the Debtors' senior secured creditors would receive the proceeds of any such liquidation sale. The secured creditors would likely still have significant deficiency claims, and all other Creditors and Interest Holders would receive nothing. The Debtors' ability to pay anything on Allowed Unsecured Claims is completely dependent on their ability to continue to generate revenue through the operation of their business after the Effective Date. In other words, if the Debtors were liquidated, holders of Allowed Unsecured Claims would likely not receive any recovery from the Debtors or their Estates after costs of sale.

Attached hereto as Exhibit "B" is a Liquidation Analysis showing that, before costs of sale, the total anticipated value of the Debtors' unencumbered assets that may be available to unsecured creditors in the event of a liquidation, would be approximately $0.

Therefore, holders of Allowed Unsecured Claims will certainly recover more under this Plan than they would if the Debtors were liquidated because the Plan provides for the distribution of Disposal Income to Allowed Unsecured Claims for a period of three years in the projected total amount of $30,977. *See* the Projections attached hereto as Exhibit "A."

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

## IX. EFFECT OF CONFIRMATION

If the Plan is confirmed under § 1191(a), except as otherwise provided for in the Plan or the Confirmation Order, Confirmation of the Plan will discharge, effective as of the Confirmation Date, any and all debts of the Debtors that arose any time before the entry of the Confirmation Order including, but not limited to, all principal and all interest accrued thereon, pursuant to § 1141(d)(1). The discharge shall be effective as to each Claim, regardless of whether a proof of claim thereon was filed, whether the Claim is an Allowed Claim, or whether the holder thereof votes to accept the Plan.

Pursuant to § 1192, if the Plan is confirmed under § 1191(b), as soon as practicable after completion by the Debtors of all payments due within the three years after the Effective Date, the Court shall grant the Debtors a discharge of all debts provided in § 1141(d)(1)(A), and all other debts allowed under § 503 and provided for in the Plan.

In addition, any pre-confirmation obligations of the Debtors dealt with in this Plan shall be considered New Debt Obligations of the Reorganized Debtors that completely replace the Debtors' pre-confirmation obligations, and these New Debt Obligations shall not be considered in default unless the Reorganized Debtor defaults in making payments on the New Debt Obligations pursuant to the terms of the Plan. The New Debt Obligations provided for in the Plan shall be in the place of, and completely substitute for, any pre-Confirmation obligations of the Debtors.

## X. OBJECTIONS TO AND ESTIMATIONS OF CLAIMS

### A. Objections and Bar Date for Filing Objections

As soon as practicable, but in no event later than 90 days after the Effective Date, objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made pursuant to the Bankruptcy Code and the Bankruptcy Rules.

### B. Settlement of Claims

The Reorganized Debtor may use its cash on hand to consummate settlements of Claims against the Estate. Any settlement reached prior to the closure of the Debtors'

Bankruptcy Cases shall be subject to approval of the Bankruptcy Court. Subsequent to the Closure of the Debtors' Bankruptcy Cases, the Debtors shall have the ability and discretion to negotiate and consummate the settlement of any Claim without approval of the Bankruptcy Court.

## C. Estimation of Claims

For purposes of calculating distributions provided for under the Plan, all Claims objected to shall be estimated by the Disbursing Agent at an amount equal to (i) the amount, if any, determined by the Court pursuant to § 502(c) as an estimate for distribution purposes; (ii) an amount agreed to between the Debtors and the Claimant; or (iii) any amount set forth as an estimate in the Plan. Notwithstanding anything herein to the contrary, no distributions shall be made on account of any Claim until such Claim is an Allowed Claim. Funds that would have otherwise been distributed to the holder of a Claim to which an objection was filed will be held by the Disbursing Agent until such time as that objection is adjudicated by the Court.

## D. Unclaimed Funds and Interest

Distribution to Claimants shall be mailed by the Disbursing Agent to the Claimants at the address appearing on the Claimant's proof of claim, or, if no proof of claims was filed, the address included in master mailing matrix, unless the Claimant provides the Disbursing Agent with an alternate address. For a period of one year from the date that a distribution was to be made by the Disbursing Agent but has gone uncollected by the Claimant, the Disbursing Agent shall retain any distributions otherwise distributable hereunder that remain unclaimed or as to which the Disbursing Agent has not received documents required pursuant to the Plan. Thereafter, the unclaimed funds shall be deemed abandoned, the Claimant's Claim shall be deemed disallowed, and the unclaimed funds shall be vested in the Reorganized Debtor for use in a manner consistent with the terms of this Plan.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

## XI.  NON-ALLOWANCE OF PENALTIES AND FINES

No distribution shall be made under this Plan on account of, and no Allowed Claim, whether Secured, Unsecured, Administrative, or Priority, shall include, any fine, penalty, exemplary or punitive damages, late charges, default interest, or other monetary charges relating to or arising from any default or breach by the Debtors, and any Claim on account thereof shall be deemed disallowed, whether or not an objection is filed.

## XII.  CLOSING OF CASE

Until this Bankruptcy Case is officially closed, the Reorganized Debtor will be responsible for filing post-confirmation reports required by the United States Trustee.  If the Plan is confirmed pursuant to § 1191(b), the Reorganized Debtor may move the Court to administratively close the Bankruptcy Cases, subject to reopening if and when entry of a discharge is appropriate.

## XIII.  MODIFICATION OF THE PLAN

Without limiting their modification rights under Bankruptcy Code section 1193, the Debtors may amend or modify this Plan at any time prior to Confirmation without leave of the Court.  The Reorganized Debtor may propose amendments and/or modifications of this Plan at any time subsequent to Confirmation with leave of the Court and upon notice to Creditors.  After Confirmation of the Plan, the Reorganized Debtor may, with approval of the Court, as long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan, or in the Confirmation Order, if any may be necessary to carry out the purposes or intent of this Plan.

## XIV.  JURISDICTION OF THE COURT

The Court will retain jurisdiction until this Plan has been fully consummated for, including but not limited to, the following purposes:

1.      To determine the classification of the Claims of any Creditors and the re-examination of any Claims that have been allowed for the purposes of voting, and for the determination of such objections as may be filed to the Creditor's Claims.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

3049267.v2

2.     To determine any Claims that are disputed by the Debtors or the Reorganized Debtors, whether such objections are filed before or after Confirmation, and to estimate any Unliquidated or Contingent Claims pursuant to § 502(c)(1) upon request of the Debtors or any holder of a Contingent or Unliquidated Claim, and to make determinations regarding any objection to such Claim.

3.     To determine all questions and disputes regarding title to the assets of the Estate, and to determine and adjudicate all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of Confirmation, between the Debtors and any other party, including but not limited to, any rights of the Debtors or the Reorganized Debtors to recover assets pursuant to the provisions of the Bankruptcy Code.

4.     To correct any defect, cure any omission or make any reconciliation of any inconsistencies in this Plan, or the Confirmation Order, as may be necessary to carry out the purposes and intent of this Plan.

5.     To address and approve any proposed modification of this Plan after Confirmation, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

6.     To enforce, interpret, and promote the effectuation of the terms and conditions of this Plan.

7.     To enter any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtors or the Reorganized Debtors, and to impose such limitations, restrictions, terms, and conditions of such title, right, and power that this Court may deem necessary.

8.     To hear, determine, and resolve any disputes that may arise in connection with the Reorganized Debtors' efforts to market, manage, operate, finance, or sell any of the Debtors' property, and the manner in which any resulting proceeds are distributed.

9.     To enter an order closing this Bankruptcy Case, and thereafter enter an order reopening this Bankruptcy Case.

10.     To consider and adjudicate any request by the Reorganized Debtors for the

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

3049267.v2

entry of a discharge.

## XV. RETENTION AND ENFORCEMENT OF CLAIMS

Pursuant to § 1123(b)(3), the Reorganized Debtor shall retain and may enforce any and all claims of the Debtors, except those claims specifically waived herein. The retained causes of action include, but are not limited to, all avoidance actions, fraudulent conveyance actions, preference actions, and other claims and causes of action of every kind and nature whatsoever, arising before the Effective Date that have not been resolved or disposed of prior to the Effective Date, whether or not such claims or causes of action are specifically identified in this Plan. Except as expressly set forth herein, the Debtors do not intend to waive or relinquish any cause of action by way of this Plan, and reserve the right to file a supplement to the Plan prior to Confirmation describing any causes of action the Debtors desire to specifically identify prior to Confirmation.

## XVI. EXCULPATION AND LIMITATION OF LIABILITY

Neither the Debtors nor the Trustee, nor any of their respective members, officers, directors, managers, employees, advisors, attorneys, accountants, affiliates or agents (the "Exculpated Parties" and each, an "Exculpated Party") shall have or incur any liability to any holder of a Claim or Interest, or to any other Person or entity, for any post-petition act or omission in connection with, relating to, or arising out of, the Debtors' Bankruptcy Cases or any adversary proceeding or contested matter commenced therein, the formulation, negotiation, implementation, confirmation or consummation of the Plan, or any contract, instrument, release or other agreement or document entered into during the Bankruptcy Cases or otherwise created in connection with the Plan, the administration of the Plan or the property to be distributed under the Plan; provided, however, that nothing in this Section shall be construed to release or exculpate any Exculpated Party from willful misconduct, fraud or gross negligence as determined by a Final Order of the Bankruptcy Court.

## XVII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Due to the Substantive Consolidation of the Debtors, the lease between them will becomes moot upon the Confirmation of the Plan.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

Except as otherwise provided herein, and unless rejected or assumed by a separate order of the Court prior to the Confirmation Date, the Debtors hereby assume any and all executory contracts listed in Schedule "G" of the respective Debtors' Schedules.

Proofs of Claim under § 502(g) arising as a result of the rejection of executory contracts or unexpired leases by the Plan shall be filed no later than 30 days after the Confirmation Date. Any such Claims not timely filed and served shall be disallowed.

**XVIII.     REVESTING**

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date the Reorganized Debtor shall be vested with all property of the Debtors' Estates free and clear of all liens, claims, charges, and other interests of Creditors arising prior to the Effective Date.

**XIX.  DEFAULT.**

If the Reorganized Debtor fails to perform the terms and conditions of this Plan, then any Creditor may seek to enforce the Plan. Before doing so, however, a Creditor must first provide at least 30 days' notice to the Reorganized Debtor specifying the nature of the alleged default and providing the Reorganized Debtor a 30-day period to cure such default. Any such notice shall be in writing and sent to the Debtor by certified mail at the address on file with the Clerk of the Court with a copy by certified mail to:

> Philip R. Rudd
> Randy Nussbaum
> Sierra Minder
> Sacks Tierney, P.A.
> 4250 N. Drinkwater Blvd., Fourth Floor
> Scottsdale, Arizona 85251

**XX.  MISCELLANEOUS PLAN PROVISIONS**

A.     General Injunction. Except as otherwise expressly provided in the Plan, the Confirmation Order shall provide, among other things, that all parties in interest who have, hold, or may hold Claims are permanently enjoined on and after the Effective Date from: (a) commencing or continuing in any manner any action or other proceeding of any kind

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

3049267.v2

with respect to any such claim against the Debtors or any successor in interest of the Debtors, against property of the Debtors, or against property of any successor-in-interest of the Debtors, the enforcement, attachment, collection, or recovery by any person or means of any judgment, award, decree, or against the Debtors or any success in interest of the Debtors, property of the Debtors, or against the property of any successor-in-interests of the Debtors with respect to any such Claim; (b) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or any success in interest of the Debtors, against property of the Debtors, or against property of any successor in interest of the Debtors with respect to any such claim; (c) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtors or any successor in interest of the Debtors, against property of the Debtors, or against property of any successor in interest of the Debtors, with respect to any such claim; (d) conducting any form of discovery from the Debtors with respect to any such Claim, or any successor in interest of the Debtors; and/or (e) harassing the Debtors or any successor-ion interest of the Debtors.

B.      Vesting. The Reorganized Debtor shall be revested with ownership of and dominion over any other property and assets of the Estate upon the Effective Date of this Plan. All assets vested in the Reorganized Debtor shall be free and clear of all liens, claims, and interest of creditors and parties in interest except as specifically provided in the Plan. Upon the Effective Date, except as provided in the Plan, the Reorganized Debtor shall be free to borrow, without further Bankruptcy Court order, such sums of money upon such terms and conditions as he may, in his sole discretion, determine, including the granting of liens and purchase money security interests.

C.      Severability. Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

determined to be prohibited or invalid under applicable law, the Reorganized Debtor may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

D.    Revocation of Plan. The Debtors reserve the right to revoke and/or withdraw this Plan prior to entry of the Confirmation Order. If the Debtors revoke and/or withdraw this Plan, or if confirmation of this Plan does not occur, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtors or any other person or entity or to prejudice in any manner the rights of the Debtors, or any person or entity in any further proceeding involving the Debtors.

E.    Retention of Causes of Action: The Reorganized Debtor shall retain all claims or causes of action that it has as of the Confirmation Date, the powers of the debtor in possession for purposes of prosecuting claims and causes of action arising under the Bankruptcy Code, and full authority to pursue, compromise, and resolve all such claims and causes of action unless the Court has granted any such right to a creditor of this estate.

F.    Appeal:  In the event of an appeal of the Confirmation Order or any other kind of review or challenge to the Confirmation Order, and provided that no stay of the effectiveness of the Confirmation Order has been entered, the Bankruptcy Court will retain jurisdiction to implement and enforce the Confirmation Order and the Plan according to their terms, including, but not limited to, jurisdiction to enter such orders regarding the Plan or the performance thereof as may be necessary to effectuate the reorganization of the Debtors.

G.    Effectuating Documents and Further Transactions: The Debtors and the Reorganized Debtor will be authorized under the Plan to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, the Plan Documents and any securities issued pursuant to the Plan.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

H.     Release of Liens: Except as otherwise specifically provided in or contemplated by the Plan, or in any contract, instrument or other agreement or document created in connection with the Plan, (a) each holder of: (i) any Secured Tax Claim; (ii) any Claim that is purportedly secured; and/or (iii) any judgment, personal property or ad valorem tax, mechanics' or similar lien Claim, in each case regardless of whether such Claim is an Allowed Claim, will, on or immediately before the Effective Date and regardless of whether such Claim has been scheduled or a Proof of Claim with respect to such Claim has been filed, (x) turn over and release to the Estate or the Reorganized Debtor, as the case may be, any and all property of the Debtors or the Estate that secures or purportedly secures such Claim, or such lien and/or Claim will automatically, and without further action by the Reorganized Debtor, the Estate or the Reorganized Debtor, be deemed released and (y) execute such documents and instruments as the Reorganized Debtor requires to evidence such Claim holder's release of such property or lien, and if such holder refuses to execute appropriate documents or instruments, the Debtors, the Estate, or the Reorganized Debtor (as applicable) may, in its discretion, file a copy of the Confirmation Order in the appropriate recording office, which will serve to release any Claim holder's rights in such property; and (b) on the Effective Date, all right, title and interest in such property will revert or be transferred to the Reorganized Debtor free and clear of all Claims and interests, including, without limitation, lines, escrows, charges, pledges, encumbrances, and/or security interests of any kind.

I.     Governing Law:  Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under the Plan will be governed by, and construed and enforced in accordance with, the laws of the State of Arizona, without giving effect to any contrary result otherwise required under applicable choice or conflict of law rules.

J.     Binding Effect: The Plan will be binding upon and inure to the benefit of the Debtors, the holders of Claims and Interests, and their respective successors and assigns, including, without limitation, the Reorganized Debtor.

**SACKS TIERNEY** P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

K.    Headings: The headings of the articles, paragraphs, and sections of the Plan are inserted for convenience only and will not determine the interpretation of the substantive provisions of the Plan.

## XXI.  DEBTORS' RECOMMENDATION REGARDING THE PLAN

The Debtors recommend that all Creditors entitled to vote to accept the Plan do so. The Debtors' Plan will pay Creditors at least as much, and likely significantly more, than they will receive if the Plan is not confirmed.  The most likely alternatives to confirmation of the Plan would be conversion of the Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code or dismissal, and neither of those options would serve to benefit the Debtors' creditor body as a whole. A conversion to Chapter 7 would result in a dramatically reduced distribution to Secured and Unsecured Creditors. Dismissal of these Bankruptcy Cases would likely result in litigation, foreclosure, and execution on the Debtors' property, which would likely force the Debtors out of business and harm the prospects of any meaningful return to creditors.  For all these reasons, the Debtors urge you to vote to accept their Plan.

[signatures on following page]

DATED: June 17, 2021.

**PEAKS FITNESS, LLC**


By: (See Attached)
Name: Ross Suozzi
Its:    Manager

**PEAKS HOLDINGS, LLC**


By: (See Attached)
Name: Ross Suozzi
Its:    Manager

**SACKS TIERNEY P.A.**


By: /s/ Philip R. Rudd
    Randy Nussbaum
    Philip R. Rudd
    Sierra M. Minder
    *Attorneys for Debtors*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: June 17, 2021.

**PEAKS FITNESS, LLC**

By:

Name: Ross Suozzi
Its: Manager

**PEAKS HOLDINGS, LLC**

By:

Name: Ross Suozzi
Its: Manager

**SACKS TIERNEY P.A.**

By:

Randy Nussbaum
Philip R. Rudd
Sierra M. Minder
*Attorneys for Debtors*

# EXHIBIT A

**Peaks Fitness, LLC**
**Feasibility Analysis**

| | *Eff. Date* 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Sep-21 | Oct-21 | Nov-21 | Dec-21 | Jan-22 | Feb-22 | Mar-22 | Apr-22 | May-22 | Jun-22 | Jul-22 | Aug-22 |
| **Income** | | | | | | | | | | | | |
| **Membership Dues** | 41,000.00 | 41,000.00 | 41,000.00 | 41,000.00 | 41,000.00 | 41,000.00 | 41,000.00 | 41,000.00 | 41,000.00 | 41,000.00 | 35,000.00 | 35,000.00 |
| **POS Revenue** | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 |
| **Lease Revenue** | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 |
| **Total Income** | **57,530.00** | **57,530.00** | **57,530.00** | **57,530.00** | **57,530.00** | **57,530.00** | **57,530.00** | **57,530.00** | **57,530.00** | **57,530.00** | **51,530.00** | **51,530.00** |
| **Cost of Goods Sold** | | | | | | | | | | | | |
| Audio/Visual Expenses | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 |
| Bankcard/ Merchant Fees | 1,620.00 | 1,620.00 | 1,620.00 | 1,620.00 | 1,620.00 | 1,620.00 | 1,620.00 | 1,620.00 | 1,620.00 | 1,620.00 | 1,440.00 | 1,440.00 |
| Operating Supplies | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 |
| Subcontract Labor | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 |
| **Total Cost of Goods Sold** | **10,995.00** | **10,995.00** | **10,995.00** | **10,995.00** | **10,995.00** | **10,995.00** | **10,995.00** | **10,995.00** | **10,995.00** | **10,995.00** | **10,815.00** | **10,815.00** |
| **Gross Profit** | **46,535.00** | **46,535.00** | **46,535.00** | **46,535.00** | **46,535.00** | **46,535.00** | **46,535.00** | **46,535.00** | **46,535.00** | **46,535.00** | **40,715.00** | **40,715.00** |
| **Expenses** | | | | | | | | | | | | |
| Advertising Expense | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Automobile Expense | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Bank Service Charges | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Computer and Internet Expenses | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Dues & Subscriptions | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 |
| **Health Insurance** | - | - | - | - | - | - | - | - | - | - | - | - |
| **Liability Insurance** | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 |
| **License & Permits** | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 |
| **Payroll (10th and 25th)** | | | | | | | | | | | | |
| Officer Salary | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| Payroll Processing Fees | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 |
| Payroll Tax Expense | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 |
| Wages & Salaries | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 |
| **Professional Fees** | - | - | - | - | - | - | - | - | - | - | - | - |
| **Repairs and Maintenance** | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| **Security & Alarm** | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| **Telephone Expense** | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| **Utilities** | - | - | - | - | - | - | - | - | - | - | - | - |
| Gas & Electric | 3,500.00 | 3,500.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,500.00 | 4,500.00 | 5,000.00 |
| Sewer | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 |
| Trash | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 |
| Water | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| **Total Expenses** | **36,131.01** | **36,131.01** | **35,631.01** | **35,631.01** | **35,631.01** | **35,631.01** | **35,631.01** | **35,631.01** | **35,631.01** | **36,131.01** | **37,131.01** | **37,631.01** |
| **Net Operating Income** | **10,403.99** | **10,403.99** | **10,903.99** | **10,903.99** | **10,903.99** | **10,903.99** | **10,903.99** | **10,903.99** | **10,903.99** | **10,403.99** | **3,583.99** | **3,083.99** |

# Peaks Fitness, LLC
# Feasibility Analysis

| | Eff. Date | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Sep-21 | Oct-21 | Nov-21 | Dec-21 | Jan-22 | Feb-22 | Mar-22 | Apr-22 | May-22 | Jun-22 | Jul-22 | Aug-22 |
| **Admin Claims** | 75,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | | | | | | | |
| **Allowed Priority tax Claims: Class 1-B** | 25,000.00 | | | 2,083.33 | | | 2,083.33 | | | 2,083.33 | | | 2,083.33 |
| | | | | | | | | | | | | | |
| **Capital Fund: Class 2-A** | 996,086.00 | | | | | | | | | | | | |
| **Rate** | 4.25% | | | | | | | | | | | | |
| **Term** | 360 | | | | | | | | | | | | |
| **P&I Payment** | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 |
| | | | | | | | | | | | | | |
| **Maricopa County: Class 2-C** | 18,226.57 | | | | | | | | | | | | |
| **Rate** | 4.25% | | | | | | | | | | | | |
| **Term** | 36 | | | | | | | | | | | | |
| **P&I Payment** | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 |
| | | | | | | | | | | | | | |
| **SBA: Class 2-B** | | | | | | | | | | | | | |
| **Total Claim** | 2,165,957.60 | | | | | | | | | | | | |
| **Secured Portion** | 450,687.43 | | | | | | | | | | | | |
| **Rate** | 4.25% | | | | | | | | | | | | |
| **Term** | 360 | | | | | | | | | | | | |
| **P&I Payment** | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 |
| | | | | | | | | | | | | | |
| **Plan Payments** | | $22,657.41 | $22,657.41 | $24,740.74 | $22,657.41 | $22,657.41 | $9,740.74 | $7,657.41 | $7,657.41 | $9,740.74 | $7,657.41 | $7,657.41 | $9,740.74 |
| | | | | | | | | | | | | | |
| **Disposable Income** | | (12,253.42) | (12,253.42) | (13,836.75) | (11,753.42) | (11,753.42) | 1,163.25 | 3,246.58 | 3,246.58 | 1,163.25 | 2,746.58 | (4,073.42) | (6,656.75) |
| **Cumulative Disposable Income** | | (12,253.42) | (24,506.83) | (38,343.58) | (50,097.00) | (61,850.41) | (60,687.16) | (57,440.58) | (54,193.99) | (53,030.74) | (50,284.16) | (54,357.58) | (61,014.32) |
| | | | | | | | | | | | | | |
| **General Unsecured Creditors: Class 4-A** | | | | | | | | | | | | | |
| **Total Projected Disposable Income** | 30,977.03 | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| **Beginning Cash** | | 62,000.00 | 49,746.58 | 37,493.17 | 23,656.42 | 11,903.00 | 149.59 | 1,312.84 | 4,559.42 | 7,806.01 | 8,969.26 | 11,715.84 | 7,642.42 |
| **Ending Cash** | | 49,746.58 | 37,493.17 | 23,656.42 | 11,903.00 | 149.59 | 1,312.84 | 4,559.42 | 7,806.01 | 8,969.26 | 11,715.84 | 7,642.42 | 985.68 |

# Peaks Fitness, LLC
## Feasibility Analysis

| | 13<br>Sep-22 | 14<br>Oct-22 | 15<br>Nov-22 | 16<br>Dec-22 | 17<br>Jan-23 | 18<br>Feb-23 | 19<br>Mar-23 | 20<br>Apr-23 | 21<br>May-23 | 22<br>Jun-23 | 23<br>Jul-23 | 24<br>Aug-23 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| **Membership Dues** | 43,000.00 | 43,000.00 | 43,000.00 | 43,000.00 | 43,000.00 | 43,000.00 | 43,000.00 | 43,000.00 | 43,000.00 | 43,000.00 | 35,000.00 | 35,000.00 |
| **POS Revenue** | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 |
| **Lease Revenue** | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 |
| **Total Income** | **59,530.00** | **59,530.00** | **59,530.00** | **59,530.00** | **59,530.00** | **59,530.00** | **59,530.00** | **59,530.00** | **59,530.00** | **59,530.00** | **51,530.00** | **51,530.00** |
| **Cost of Goods Sold** | | | | | | | | | | | | |
| Audio/Visual Expenses | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 |
| Bankcard/ Merchant Fees | 1,680.00 | 1,680.00 | 1,680.00 | 1,680.00 | 1,680.00 | 1,680.00 | 1,680.00 | 1,680.00 | 1,680.00 | 1,680.00 | 1,440.00 | 1,440.00 |
| Operating Supplies | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 |
| Subcontract Labor | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 |
| **Total Cost of Goods Sold** | **11,055.00** | **11,055.00** | **11,055.00** | **11,055.00** | **11,055.00** | **11,055.00** | **11,055.00** | **11,055.00** | **11,055.00** | **11,055.00** | **10,815.00** | **10,815.00** |
| **Gross Profit** | **48,475.00** | **48,475.00** | **48,475.00** | **48,475.00** | **48,475.00** | **48,475.00** | **48,475.00** | **48,475.00** | **48,475.00** | **48,475.00** | **40,715.00** | **40,715.00** |
| **Expenses** | | | | | | | | | | | | |
| Advertising Expense | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Automobile Expense | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Bank Service Charges | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Computer and Internet Expenses | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Dues & Subscriptions | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 |
| **Health Insurance** | - | - | - | - | - | - | - | - | - | - | - | - |
| **Liability Insurance** | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 |
| **License & Permits** | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 |
| **Payroll (10th and 25th)** | - | | | | | | | | | | - | |
| Officer Salary | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| Payroll Processing Fees | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 |
| Payroll Tax Expense | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 |
| Wages & Salaries | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 |
| **Professional Fees** | - | | | | | | | | | | - | |
| **Repairs and Maintenance** | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| **Security & Alarm** | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| **Telephone Expense** | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| **Utilities** | - | | | | | | | | | | - | |
| Gas & Electric | 3,500.00 | 3,500.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,500.00 | 4,500.00 | 5,000.00 |
| Sewer | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 |
| Trash | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 |
| Water | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| **Total Expenses** | **36,131.01** | **36,131.01** | **35,631.01** | **35,631.01** | **35,631.01** | **35,631.01** | **35,631.01** | **35,631.01** | **35,631.01** | **36,131.01** | **37,131.01** | **37,631.01** |
| **Net Operating Income** | **12,343.99** | **12,343.99** | **12,843.99** | **12,843.99** | **12,843.99** | **12,843.99** | **12,843.99** | **12,843.99** | **12,843.99** | **12,343.99** | **3,583.99** | **3,083.99** |

# Peaks Fitness, LLC
## Feasibility Analysis

| | 13 Sep-22 | 14 Oct-22 | 15 Nov-22 | 16 Dec-22 | 17 Jan-23 | 18 Feb-23 | 19 Mar-23 | 20 Apr-23 | 21 May-23 | 22 Jun-23 | 23 Jul-23 | 24 Aug-23 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Admin Claims** | | | | | | | | | | | | |
| **Allowed Priority tax Claims: Class 1-B** | | | 2,083.33 | | | 2,083.33 | | | 2,083.33 | | | 2,083.33 |
| | | | | | | | | | | | | |
| **Capital Fund: Class 2-A** | | | | | | | | | | | | |
| **Rate** | | | | | | | | | | | | |
| **Term** | | | | | | | | | | | | |
| **P&I Payment** | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 |
| | | | | | | | | | | | | |
| **Maricopa County: Class 2-C** | | | | | | | | | | | | |
| **Rate** | | | | | | | | | | | | |
| **Term** | | | | | | | | | | | | |
| **P&I Payment** | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 |
| | | | | | | | | | | | | |
| **SBA: Class 2-B** | | | | | | | | | | | | |
| **Total Claim** | | | | | | | | | | | | |
| **Secured Portion** | | | | | | | | | | | | |
| **Rate** | | | | | | | | | | | | |
| **Term** | | | | | | | | | | | | |
| **P&I Payment** | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 |
| | | | | | | | | | | | | |
| **Plan Payments** | $7,657.41 | $7,657.41 | $9,740.74 | $7,657.41 | $7,657.41 | $9,740.74 | $7,657.41 | $7,657.41 | $9,740.74 | $7,657.41 | $7,657.41 | $9,740.74 |
| | | | | | | | | | | | | |
| **Disposable Income** | 4,686.58 | 4,686.58 | 3,103.25 | 5,186.58 | 5,186.58 | 3,103.25 | 5,186.58 | 5,186.58 | 3,103.25 | 4,686.58 | (4,073.42) | (6,656.75) |
| **Cumulative Disposable Income** | (56,327.74) | (51,641.16) | (48,537.91) | (43,351.32) | (38,164.74) | (35,061.49) | (29,874.90) | (24,688.32) | (21,585.07) | (16,898.48) | (20,971.90) | (27,628.65) |
| | | | | | | | | | | | | |
| **General Unsecured Creditors: Class 4-A** | | | | | | | | | | | | |
| **Total Projected Disposable Income** | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **Beginning Cash** | 985.68 | 5,672.26 | 10,358.84 | 13,462.09 | 18,648.68 | 23,835.26 | 26,938.51 | 32,125.10 | 37,311.68 | 40,414.93 | 45,101.52 | 41,028.10 |
| **Ending Cash** | 5,672.26 | 10,358.84 | 13,462.09 | 18,648.68 | 23,835.26 | 26,938.51 | 32,125.10 | 37,311.68 | 40,414.93 | 45,101.52 | 41,028.10 | 34,371.35 |

# Peaks Fitness, LLC
## Feasibility Analysis

| | 25 Sep-23 | 26 Oct-23 | 27 Nov-23 | 28 Dec-23 | 29 Jan-24 | 30 Feb-24 | 31 Mar-24 | 32 Apr-24 | 33 May-24 | 34 Jun-24 | 35 Jul-24 | 36 Aug-24 | 36 Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | | |
| **Membership Dues** | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 35,000.00 | 35,000.00 | 1,500,000.00 |
| **POS Revenue** | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 474,000.00 |
| **Lease Revenue** | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 3,530.00 | 127,080.00 |
| **Total Income** | 62,030.00 | 62,030.00 | 62,030.00 | 62,030.00 | 62,030.00 | 62,030.00 | 62,030.00 | 62,030.00 | 62,030.00 | 62,030.00 | 52,030.00 | 52,030.00 | 2,101,080.00 |
| **Cost of Goods Sold** | | | | | | | | | | | | | |
| Audio/Visual Expenses | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 22,500.00 |
| Bankcard/ Merchant Fees | 1,755.00 | 1,755.00 | 1,755.00 | 1,755.00 | 1,755.00 | 1,755.00 | 1,755.00 | 1,755.00 | 1,755.00 | 1,755.00 | 1,455.00 | 1,455.00 | 59,220.00 |
| Operating Supplies | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 81,000.00 |
| Subcontract Labor | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 234,000.00 |
| **Total Cost of Goods Sold** | 11,130.00 | 11,130.00 | 11,130.00 | 11,130.00 | 11,130.00 | 11,130.00 | 11,130.00 | 11,130.00 | 11,130.00 | 11,130.00 | 10,830.00 | 10,830.00 | 396,720.00 |
| **Gross Profit** | 50,900.00 | 50,900.00 | 50,900.00 | 50,900.00 | 50,900.00 | 50,900.00 | 50,900.00 | 50,900.00 | 50,900.00 | 50,900.00 | 41,200.00 | 41,200.00 | 1,704,360.00 |
| **Expenses** | | | | | | | | | | | | | |
| Advertising Expense | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 36,000.00 |
| Automobile Expense | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 9,000.00 |
| Bank Service Charges | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 5,400.00 |
| Computer and Internet Expenses | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 18,000.00 |
| Dues & Subscriptions | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 16.39 | 590.04 |
| Health Insurance | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Liability Insurance | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 39,600.00 |
| License & Permits | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 88.39 | 3,182.04 |
| **Payroll (10th and 25th)** | - | | | | | | | | | | | | - |
| Officer Salary | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 360,000.00 |
| Payroll Processing Fees | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 139.78 | 5,032.08 |
| Payroll Tax Expense | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 2,112.80 | 76,060.80 |
| Wages & Salaries | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14,000.00 | 504,000.00 |
| Professional Fees | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Repairs and Maintenance | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 54,000.00 |
| Security & Alarm | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 1,440.00 |
| Telephone Expense | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 3,600.00 |
| **Utilities** | - | | | | | | | | | | | | - |
| Gas & Electric | 3,500.00 | 3,500.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,500.00 | 4,500.00 | 5,000.00 | 123,000.00 |
| Sewer | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 179.00 | 6,444.00 |
| Trash | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 454.65 | 16,367.40 |
| Water | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 36,000.00 |
| **Total Expenses** | 36,131.01 | 36,131.01 | 35,631.01 | 35,631.01 | 35,631.01 | 35,631.01 | 35,631.01 | 35,631.01 | 35,631.01 | 36,131.01 | 37,131.01 | 37,631.01 | 1,297,716.36 |
| **Net Operating Income** | 14,768.99 | 14,768.99 | 15,268.99 | 15,268.99 | 15,268.99 | 15,268.99 | 15,268.99 | 15,268.99 | 15,268.99 | 14,768.99 | 4,068.99 | 3,568.99 | 406,643.64 |

# Peaks Fitness, LLC
## Feasibility Analysis

| | 25 Sep-23 | 26 Oct-23 | 27 Nov-23 | 28 Dec-23 | 29 Jan-24 | 30 Feb-24 | 31 Mar-24 | 32 Apr-24 | 33 May-24 | 34 Jun-24 | 35 Jul-24 | 36 Aug-24 | 36 Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Admin Claims** | | | | | | | | | | | | | **75,000.00** |
| **Allowed Priority tax Claims: Class 1-B** | | | 2,083.33 | | | 2,083.33 | | | 2,083.33 | | | 2,083.33 | **25,000.00** |
| | | | | | | | | | | | | | |
| **Capital Fund: Class 2-A** | | | | | | | | | | | | | |
| Rate | | | | | | | | | | | | | |
| Term | | | | | | | | | | | | | |
| P&I Payment | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | $4,900.14 | 176,405.20 |
| | | | | | | | | | | | | | |
| **Maricopa County: Class 2-C** | | | | | | | | | | | | | |
| Rate | | | | | | | | | | | | | |
| Term | | | | | | | | | | | | | |
| P&I Payment | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | $540.15 | 19,445.41 |
| | | | | | | | | | | | | | |
| **SBA: Class 2-B** | | | | | | | | | | | | | |
| Total Claim | | | | | | | | | | | | | |
| Secured Portion | | | | | | | | | | | | | |
| Rate | | | | | | | | | | | | | |
| Term | | | | | | | | | | | | | - |
| P&I Payment | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | $2,217.11 | 79,816.01 |
| | | | | | | | | | | | | | |
| **Plan Payments** | $7,657.41 | $7,657.41 | $9,740.74 | $7,657.41 | $7,657.41 | $9,740.74 | $7,657.41 | $7,657.41 | $9,740.74 | $7,657.41 | $7,657.41 | $9,740.74 | $375,666.61 |
| | | | | | | | | | | | | | |
| **Disposable Income** | 7,111.58 | 7,111.58 | 5,528.25 | 7,611.58 | 7,611.58 | 5,528.25 | 7,611.58 | 7,611.58 | 5,528.25 | 7,111.58 | (3,588.42) | (6,171.75) | 30,977.03 |
| **Cumulative Disposable Income** | (20,517.07) | (13,405.48) | (7,877.23) | (265.65) | 7,345.94 | 12,874.19 | 20,485.77 | 28,097.36 | 33,625.61 | 40,737.19 | 37,148.77 | 30,977.03 | |
| | | | | | | | | | | | | | |
| **General Unsecured Creditors: Class 4-A** | | | | | | | | | | | | | |
| Total Projected Disposable Income | | | | | | | | | | | | | 30,977.03 |
| | | | | | | | | | | | | | |
| **Beginning Cash** | 34,371.35 | 41,482.93 | 48,594.52 | 54,122.77 | 61,734.35 | 69,345.94 | 74,874.19 | 82,485.77 | 90,097.36 | 95,625.61 | 102,737.19 | 99,148.77 | 62,000.00 |
| **Ending Cash** | 41,482.93 | 48,594.52 | 54,122.77 | 61,734.35 | 69,345.94 | 74,874.19 | 82,485.77 | 90,097.36 | 95,625.61 | 102,737.19 | 99,148.77 | 92,977.03 | 92,977.03 |

# EXHIBIT B

**Peaks Fitness LLC and Peaks Holdings LLC**
*Liquidation Analysis*

| Assets | Book Value | | Liquidation Value | |
|---|---|---|---|---|
| Cash - Fitness | 22,417.80 | | 22,417.80 | Book Value Per Schedules |
| Cash - Holdings | 3,785.00 | | 3,785.00 | Book Value Per Schedules |
| Real Property | 1,465,000.00 | 94% | 1,377,100.00 | Per Appraisal, less 6% broker commissions |
| Signage - Holdings | 3,449.00 | | 200.00 | Book Value Per Schedules |
| Office Equipment | 1,500.00 | | 1,000.00 | Book Value Per Schedules |
| Supplies | 19,740.00 | | 5,000.00 | Book Value Per Schedules |
| Gym Equipment | 49,115.98 | | 20,000.00 | Book Value Per Schedules |
| **Total Liquidation Value** | | | **1,429,502.80** | |

| *Less Secured Debt:* | Claim Amount | | Recovery | Recovery % |
|---|---|---|---|---|
| Capital Fund | 996,086.00 | | 996,086.00 | 100% |
| Maricopa County | 18,226.57 | | 18,226.57 | 100% |
| SBA | 2,165,957.60 | | 362,787.43 | 17% |
| | | | 1,377,100.00 | |

| **Net Available** | | | **52,402.80** | |
|---|---|---|---|---|

| *Less Chapter 7 Administrative Claims* | | | | |
|---|---|---|---|---|
| Chapter 7 Trustee | 3% | 42,885.08 | 33,104.45 | 77% |
| Chapter 7 Trustee Counsel | | 25,000.00 | 19,298.35 | 77% |
| | | 67,885.08 | 52,402.80 | |

| **Net Available** | | | **-** | |
|---|---|---|---|---|

| *Chapter 11 Administrative Claims* | | | | |
|---|---|---|---|---|
| Subchapter V Trustee | 10,000.00 | | - | 0% |
| Chapter 11 Counsel | 35,000.00 | | - | 0% |
| Financial Advisor | 15,000.00 | | - | 0% |
| **Priority Claims** | 25,000.00 | | - | 0% |
| *Unsecured Creditors* | | | | |
| SBA Deficiency | 1,803,170.17 | | - | 0% |
| Others | 144,314.00 | | - | 0% |